IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ROBERT EDWARD BUTLER,**

    Petitioner,

v.                                                                                                             Civil Action No. **3:18CV102**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Robert Edward Butler, a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). *See Butler v. Young*, No. 3:02CV56, 2002 WL 32925758, at *1 (E.D. Va. July 16, 2002). By Memorandum Opinion and Order entered on July 16, 2002, the Court denied Butler's § 2254 Petition because it was barred by the applicable one-year statute of limitations. *Id.* at 2.

On February 14, 2018, the Court received from Butler "A Motion under Rule 60(b)" seeking relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 1).[1] In his Rule 60(b) Motion, Butler requests that the Court vacate the dismissal of his § 2254 Petition due to extraordinary circumstances. (*See id.* at 1, 4.)[2]

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

    **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
        . . . .
        (6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Butler's Rule 60(b) Motion.

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Butler was required to file his motion within a reasonable time after the entry of the July 16, 2002 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time— and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Butler's Rule 60(b) Motion, filed over fifteen years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)).

Instead of arguing why his Rule 60(b) Motion should be considered timely, Butler essentially argues that he is entitled to an evidentiary hearing to determine whether this Court properly denied his § 2254 Petition as untimely. (*See* Rule 60(b) Mot. 2, 5–7.) Thus, Butler fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(6) was

2

filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional). Butler also fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of his § 2254 Petition.[3] Accordingly, Butler's Rule 60(b) Motion (ECF No. 1) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 5/4/18
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[3] From what the Court can discern, Butler appears to argue in his Rule 60(b) Motion that extraordinary circumstances exist because his § 2254 Petition should not have been subject to the statute of limitations governing federal habeas petitions, or in the alternative, that his lack of habeas counsel excuses the procedural default of his claims under *Martinez v. Ryan*, 566 U.S. 1 (2012). (*See* Rule 60(b) Mot. 1, 5–7.) Butler also makes reference to the Supreme Court's decision in *Buck v. Davis*, 137 S. Ct. 759 (2017). (*Id.* at 2, 6.) As explained in the denial of Butler's § 2254 Petition, Butler had until April 24, 1997 to file his federal petition for a writ of habeas corpus, but he failed to file any petition for a writ of habeas corpus, state or federal, by that date. *Butler*, 2002 WL 32925758, at *2. Contrary to Butler's apparent belief, the Court did not address whether he had procedurally defaulted his federal habeas claims in the Memorandum Opinion denying his § 2254 Petition. *See id.* Further, the United States Court of Appeals for the Fourth Circuit has held that the Supreme Court's decision in *Martinez v. Ryan* is not an extraordinary circumstance that warrants Rule 60(b) relief. *Moses v. Joyner*, 815 F.3d 163, 168–69 (4th Cir. 2016), *cert. denied sub nom. Moses v. Thomas*, 137 S. Ct. 1202 (2017). Finally, in *Buck v. Davis*, the Supreme Court held, among other things, that extraordinary circumstances existed where a death row inmate demonstrated that his counsel inappropriately provided testimony about the inmate's race at sentencing. *Buck*, 137 S. Ct. at 778. Butler fails to explain, and the Court fails to discern, how *Buck* is relevant in the instant case. Accordingly, Butler fails to demonstrate extraordinary circumstances that warrant vacating the Court's denial of his § 2254 Petition.

3